UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-03933-CTS                          Date:  July 16, 2026

Title:    Iram David Noriega-Gastelum v. David A. Marin, et al.

Present:    The Honorable CHRISTINA T. SHAY, United States Magistrate Judge

|  Marina Moreno-Carrillo  |  N/A  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:              Attorneys Present for Respondent:
N/A                                            N/A

**Proceedings (In Chambers):      Order  Denying Petitioner's Application for a Temporary Restraining Order (ECF No. 2)**

On July 14, 2026, Petitioner Iram David Noriega-Gastelum ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus  ("Petition").  (ECF No. 1.)  Petitioner also filed an Application for Temporary Restraining Order and Preliminary Injunction ("TRO Application") seeking immediate release or a bond hearing, and for the Court to enjoin Respondents from removing Petitioner.[1]  (ECF No. 2 at 4.[2])

The same day, the Clerk issued a notice of General Order No. 26-05, which sets the governing briefing schedule in this case and requires that during the pendency of these proceedings, "Respondent shall provide at least two court days' notice to the petitioner, petitioner's counsel, and the Court of its intent to remove the petitioner from the Central District of California."  (ECF No. 6 at 2.)  The briefing schedule requires Respondents to file an answer to the Petition no later than seven days from issuance of the notice.  (*Id*.)  General Order No. 26-05 explicitly states that this "standard scheduling order is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order.  Applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."  (ECF No. 6 at 5.)

---

[1] The TRO Application does not specify whether the injunctive relief sought is to prevent Respondents from removing Petitioner from this judicial district during the pendency of this case, or to prevent Respondents from removing Petitioner from the United States.
[2] Pinpoint citations refer to the page numbers in the CM/ECF-generated headers of filed documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:26-cv-03933-CTS                                          Date:  July 16, 2026

Title:      Iram David Noriega-Gastelum v. David A. Marin, et al.

     While the Court recognizes Petitioner's argument that his detention is harmful, his case is already subject to an expedited briefing schedule under General Order No. 26-05.  Petitioner has not shown that he faces such "imminent, irreparable harm" that an even more expedited schedule is called for than that set in this case.  Further, Respondent has been ordered to provide at least two court days' notice of its intent to remove Petitioner from this judicial district.

     Petitioner therefore has not shown irreparable harm warranting a TRO during the pendency of his habeas proceedings.  *See Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (the underlying purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing.").  Accordingly, Petitioner's TRO Application is DENIED.

     It is so ordered.