**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IRAM DAVID NORIEGA-GASTELUM,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>DAVID A. MARIN, et al.,<br><br>　　　　　　Respondents. | **CASE NO.** 5:26-CV-03933-CTS<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.　　INTRODUCTION

On July 14, 2026, Petitioner Iram David Noriega-Gastelum ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.)  The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States.  (*See generally* Pet.)  The Petition names as Respondents David A. Marin, Los Angeles Field Office Director, ICE Removal Operations ("ICE/ERO"); James Janecka, Adelanto ICE Processing Center; Todd Lyons, Acting Director of ICE; ICE; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); DHS; Todd Blanche, Acting

Attorney General of the United States; and Executive Office for Immigration Review ("Respondents"). (Pet. 1.[1]) On July 21, 2026, Respondents filed an Answer to the Petition. (Ans., ECF No. 10.) On July 27, 2026, Petitioner filed his Reply. (Rep., ECF No. 11.) For the reasons set forth below, the Court GRANTS the Petition and ENJOINS Respondents from continuing to detain Petitioner unless, within seven (7) days of the date of this Order, he is provided with an individualized bond hearing before an immigration judge at which Respondents bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public.

## II.   BACKGROUND

The Petition alleges that Petitioner is a forty-five-year-old native and citizen of Mexico. (Pet. ¶ 1.) Petitioner entered the United States without inspection in 2003 and has habitually resided in San Bernardino County. (*Id.* at ¶ 20.) He is married to a United States citizen and has four U.S.-born children. (*Id.*) Petitioner is gainfully employed, has a work permit, and has filed taxes. (*Id.*) Petitioner has no criminal record and is not otherwise subject to mandatory detention or disqualified from relief from removal. (*Id.*) Petitioner plans to apply for removal relief in the form of cancellation of removal. (*Id.*) Previously, Petitioner filed for asylum in proceedings that were administratively closed. (*Id.*)

Petitioner was in removal proceedings before the Los Angeles Immigration Court, a "non-detained" court, when he was arrested and detained on July 13, 2026. (*Id.* at ¶ 1.) He was detained by ICE without violence. (*Id.* at ¶ 20.) According to the Petition, he is being "held detained without bond pursuant to a Notice to Appear ("NTA") asserting his removability under 8 U.S.C. § 1182(a)(6)(A)(i) (present

---

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

without admission or parole) and/or also § 1182(a)(7)(A)(i)(I) (no valid entry documents)." (Pet. ¶ 20.)  However, the NTA itself has not been presented to the Court.

In their Answer, Respondents do not deny or contest any of the facts alleged in the Petition.  (*See generally* Ans.)  Nor do they present any additional facts in the Answer or attach any exhibits.

### III.    DISCUSSION

Petitioner alleges that he is being held in mandatory detention, without the opportunity to seek a custody redetermination at a bond hearing before an immigration judge, under 8 U.S.C. § 1225(b)(2)(A).  (Pet. ¶ 21.)  He argues that his detention should instead be governed by 8 U.S.C. § 1226(a), under which he is entitled to a bond hearing.  (*Id.* at ¶ 58.)  He seeks "a writ of habeas corpus requiring Respondents [to] release Petitioner or provide a bond hearing before the Immigration Court pursuant to 8 U.S.C. § 1226(a) . . . in which the government shall bear the burden [of showing] by clear and convincing evidence of dangerousness or flight risk" that continued detention is justified.  (Pet. 22.)

In their Answer, Respondents state that they "do not oppose the merits of the Petition to the extent it seeks habeas relief in the form of a bond hearing before an immigration judge pursuant to Section 1226(a)." (Ans. 3.)  They concede that Petitioner appears to be a member of the Bond Eligible Class certified in the case of *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025), *judgment entered*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  (Ans. 2.)  They acknowledge that, despite subsequent procedural developments in the appeal of the *Maldonado Bautista* case, the judgment entered in that case on December 18, 2025 "remains in place as to the Central District of California." (*Id.* at 3.)  Respondents further "acknowledge that Petitioner's claims in this action appear to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate

proceedings relating to it." (*Id.*) They request that, if the Court orders a hearing, "the timing of the hearing be consistent with what Courts in this District have generally ordered, which is to require that the hearing be provided within seven (7) days." (*Id.*) In his Reply, Petitioner states that he "would not object to such an order, directing a seven-day timeframe." (Rep. 2.)

The parties have therefore agreed that Petitioner should receive a bond hearing pursuant to the *Maldonado Bautista* judgment. Having reviewed the uncontested allegations in the Petition, the Court concurs that Petitioner appears to be a member of the Bond Eligible Class certified in that case. Petitioner appears to be a noncitizen, present in the United States without lawful status, who entered the United States without inspection, was not apprehended on arrival, and is not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *Maldonado Bautista*, 813 F. Supp. 3d at 1127.

Petitioner is therefore entitled to "consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista*, 2025 WL 3678485, at *1. While the Ninth Circuit has temporarily stayed the *Maldonado Bautista* judgment "insofar as the district court's judgment extends beyond the Central District of California," that judgment "remains in place as to the Central District of California." Order, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), Dkt. No. 5; Order, *Maldonado Bautista v. Executive Office for Immigration Review*, Nos. 25-7958, 26-1044 (9th Cir. Mar. 31, 2026), Dkt. No. 17.

Further, after the Answer in this case was filed, the Ninth Circuit decided the question at issue in the *Maldonado Bautista* case, and held that noncitizens like Petitioner, who are "present without admission [and] who are apprehended in the interior of the United States[,] are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, No. 25-6842, __ F.4th __, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Thus, even if the parties had not

4

previously agreed that Petitioner should be given a bond hearing under the authority of *Maldonado Bautista*, it is now clear that Petitioner's detention is governed by 8 U.S.C. § 1226(a), and that Petitioner is therefore entitled to "extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, *an initial bond hearing before a neutral decisionmaker*, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) (emphasis added); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

The Court notes that the Petition specifically seeks a bond hearing at which "the government shall bear the burden of [showing] by clear and convincing evidence of dangerousness or flight risk" that continued detention is justified. (Pet. 22.) In their Answer, Respondents had the opportunity to oppose this request, but have not done so. Respondents do not contest the entry of an order directing that Petitioner be provided with a bond hearing within seven days—but they do not address the question of who should bear the burden of proof at such a hearing or what the standard should be. (*See generally* Ans.) In light of Respondents' failure to oppose the Petition's request that the burden be allocated to Respondents at the bond hearing to which they agree Petitioner is entitled, and consistent with many other recent decisions confirming that Respondents bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, *see, e.g.*, *Melchor-Melchor v. Noem*, No. 5:26-CV-00766-SSS-BFM, 2026 WL 760058, at *1 (C.D. Cal. Mar. 16, 2026) (ordering petitioner's immediate release after court-ordered bond hearing because it was "clear that the IJ did not hold Respondents to a clear and convincing burden" at that hearing), the Court will grant that request.

### IV.   CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. The Petition is GRANTED;

2. Respondents are ENJOINED from continuing to detain Petitioner **Iram David Noriega-Gastelum (A 201-032-177)** unless, within seven (7) days of the date of this order, he is provided with an individualized bond hearing before an immigration judge at which Respondents bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public; and.

3. The parties must file a joint status report within fourteen (14) days of the date of this order, which must discuss the results of any bond hearing held and address the question of whether the remainder of the Petition has been rendered moot.

DATED:  August 5, 2026

_____
HONORABLE CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE

6